907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry P. CARRINGTON, Petitioner-Appellant,
v.
J.T. HADDEN, Warden, FCI, Butner, North Carolina, Respondent-Appellee.
 No. 90-7300.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 14, 1990.
Rehearing and Rehearing In Banc Denied July 17, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (C/A No. 90-63)
 Henry P. Carrington, appellant pro se.
 Margaret Person Currin, United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry Carrington was paroled from federal custody to a state detainer in 1982. He was released from state custody in January 1985 and, by his own admission, violated his federal parole that month. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241, claiming that the United States Parole Commission improperly failed to credit him with time served in state custody in 1982 through 1985 in calculating his present parole release date. The district court summarily dismissed Carrington's petition, finding that he has no constitutional entitlement to time spent on parole. Carrington appeals and we affirm.
 
 
 2
 Parole to a state detainer is an authorized form of parole under parole regulations and constitutes "parole" within the meaning of the Parole Commission and Reorganization Act, 18 U.S.C. Secs. 4201 et seq (1976). Garafola v. Wilkinson, 721 F.2d 420, 422-23 (3d Cir.1983), cert. denied, 466 U.S. 905 (1984); 28 C.F.R. Sec. 2.32(a)(1) and (2). Thus the district court correctly concluded that Carrington is not constitutionally entitled to credit for time served in state custody while on federal parole. Furthermore, the fact that the district court may have ordered Carrington's federal sentence to run concurrently with his state time does not improve Carrington's argument. As the district court lacks authority to order a federal sentence to run concurrently with a state sentence, any language to this effect is regarded as surplusage. Ange v. Paderick, 521 F.2d 1066, 1068 (4th Cir.1975); Hamilton v. Salter, 361 F.2d 579, 581 (4th Cir.1966).
 
 
 3
 Accordingly, the dismissal of Carrington's habeas petition is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.